UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
MANUEL BARRERA,

                                   PLAINTIFF,       22-CV-01256 (VEC)

      -against-

FORLINI'S RESTAURANT, INC., JOSEPH FORLINI,
and DEREK FORLINI,

                                   DEFENDANTS.
-------------------------------------------------------------------X

# MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR CONDITIONAL COLLECTIVE CERTIFICATION

**THE LAW FIRM OF ROBERT MOORE, PLLC**
BY: ROBERT MOORE, ESQ.
140 BROADWAY, 46TH FL.
NEW YORK, NEW YORK 10005
TEL. (929) 253-7496

## PRELMINARY STATEMENT

Defendants FORLINI'S RESTAURANT, INC., JOSEPH FORLINI, and DEREK FORLINI (collectively, "Defendants") respectfully submit this memorandum of law in opposition to Plaintiff's motion for conditional collective certification. This is a single-plaintiff case and Plaintiff's motion should be denied in its entirety.

## STATEMENT OF FACTS

The Court is respectfully referred to the declarations of Derek Forlini, Joseph Forlini, Adrian Vallejo, Walter Cordero, and Luis Cuzco for the relevant facts.

## ARGUMENT

### POINT I

### ALL OF PLAINTIFF'S CLAIMS FAIL ON THE FACTS.

Plaintiff Manuel Barrera ("Charlie") submits only one declaration—his own—in support of the motion because it contains outright lies which are demonstrably disproven by declarations of the very people he falsely claims to have to spoken to. Charlie invents names of people who never worked at Forlini's; fails to disclose to the Court that one individual he claims to have spoken to—Leo Peralta (Bartender)—stopped working for Forlini's over seventeen (17) years ago; falsely claims that he and fellow workers were charged a meal credit, management somehow stole his tips despite the fact (as substantiated by a video) that Charlie himself distributed the pooled tips to waiters and busboys, and he and fellow tipped-employees were forced to do a percentage of non-tipped work and were improperly paid overtime, etc., all of which are false. His own co-workers have declared what Charlie is saying is false. The conversations Charlie claims he had with his co-workers never happened because these co-workers said it never happened. Because there is no actual claim, there is no collective to certify.

**POINT II**

**PLAINTIFF ABJECTLY FAILS TO MEET HIS STAGE-ONE BURDEN FOR COLLECTIVE CERTIFICATION.**

The Second Circuit has endorsed a two-stage certification process in determining whether to certify a collective action under the FLSA. See Myers v. Hertz Corp., 624 F.3d 537, 554-55 (2d Cir. 2010). "The first step involves the court making an initial determination to send notice to potential opt-in plaintiffs who may be 'similarly situated' to the named plaintiffs with respect to whether a FLSA violation has occurred." Id. Although "[t]he FLSA does not define the term 'similarly situated,' the Second Circuit recently explained that "to be 'similarly situated' means that named plaintiffs and opt-in plaintiffs are alike with regard to some material aspect of their litigation." See Scott v. Chipotle Mexican Grill, Inc., 954 F.3d 502, 515-16 (2d Cir. 2020). "That is, party plaintiffs are similarly situated, and may proceed in a collective, to the extent they share a similar issue of law or fact material to the disposition of their FLSA claims." Id.

Although "courts in this circuit have routinely granted conditional collective certification based solely on the personal observations of one plaintiff's affidavit," Mata v. Foodbridge LLC, 14 Civ. 8754 (ER), 2015 U.S. Dist. LEXIS 70550, 2015 WL 3457293 at *5 (E.D.N.Y. June 1, 2015), quoting Hernandez v. Bare Burger Dio Inc., 12 Civ. 7794 (RWS), 2013 U.S. Dist. LEXIS 89254, 2013 WL 3199292 at *3 (S.D.N.Y. June 25, 2013) (Sweet, D.J.) (collecting cases), where plaintiff's sole affidavit does not provide "any detail as to a single such observation or conversation," such as when or where the observations or conversations took place, that affidavit is insufficient to meet even the low evidentiary threshold required for conditional certification. Sanchez v. JMP Ventures, L.L.C., 13 Civ. 7264 (KBF), 2014 U.S. Dist. LEXIS 14980, 2014 WL 465542 at *2 (S.D.N.Y. Jan. 27, 2014) (For rest, D.J.); accord Shanfa Li v. Chinatown Take-Out

3

Inc., 16 Civ. 7787 (JCM), 2018 U.S. Dist. LEXIS 28693, 2018 WL 1027161 at *4-*5 (S.D.N.Y. Feb. 21, 2018) (McCarthy, M.J.) (denying motion for conditional certification based on plaintiff's claim that other employees were "underpaid" without describing who these other employees were, what their base salary was or whether they worked enough to qualify for overtime compensation); Fu v. Mee May Corp., 15 Civ. 4549 (KPF), 2016 U.S. Dist. LEXIS 53199, 2016 WL 1588132 at *3 (S.D.N.Y. Apr. 20, 2016) (Failla, D.J.) (denying motion for conditional certification based solely on plaintiffs' "conversations with . . . coworkers and knowledge of their working hours and what they were paid" (internal quotation marks omitted)); Mata v. Foodbridge LLC, supra, 2015 U.S. Dist. LEXIS 70550, 2015 WL 3457293 at *3-*4 (denying motion for conditional certification where plaintiff's only support for his claim that other employees were not paid overtime was his "observations and conversations with other employees" without any underlying details of those conversations); Guo v. Tommy's Sushi Inc., 14 Civ. 3964 (PAE), 2014 U.S. Dist. LEXIS 147981, 2014 WL 5314822 at *3 (S.D.N.Y. Oct. 16, 2015) (Engelmayer, D.J.) (denying motion for conditional certification of a collective of all non-managerial employees based on "unsupported assertions" regarding discussions and comparisons among coworkers). "Such details are particularly important where a conditional certification motion is based on the lone affidavit of a single employee, who performed a single job function." Mata v. Foodbridge LLC, supra, 2015 U.S. Dist. LEXIS 70550, 2015 WL 3457293 at *5; accord Gomez v. Kitchenette 123 Inc., 16 Civ. 3302 (AJN), 2017 U.S. Dist. LEXIS 155257, 2017 WL 4326071 at *4 (S.D.N.Y. Sept. 5, 2017) (Nathan, D.J.) ("[W]hen a plaintiff submits only one affidavit, without corroboration, the level of detail in that affidavit becomes particularly important in evaluating the sufficiency of the plaintiff's showing").

Here, Plaintiff who was only a waiter submits a sole declaration which does not provide the required detail to meet the low evidentiary threshold for stage-one conditional certification. Plaintiff abjectly fails to even provide the full name of the person he observed let alone spoke to, or what date, time, and place those observed and/or conversations occurred.  Plaintiff's single attempt to add detail is that at some undisclosed point in time,

> I know that other employees similarly were subjected to Defendants' improper calculation of their overtime rates, and were not compensated the proper overtime premium. Specifically, I spoke with my co-workers Walter, Tony and Gustavo after our shifts while we were taking the subway home together. Walter, Tony and Gustavo and I complained to one another that it was not fair that Defendants did not pay us the proper overtime rate. (Dkt. No. 33, ¶ 7).

Unfortunately for Plaintiff, this same Walter submitted a declaration of penalty of perjury in this action that Plaintiff's statement here is false and no such conversation ever took place.  Plaintiff does not provide any date or time here, and does not state any basis for knowing the hours or wages (let alone the days they worked or jobs they did) of Walter, Tony, or Gustavo, or how Forlini's restaurant calculated same.  This example—the subway group—is the *only* example of Charlie even attempting to provide any detail whatsoever.  The remainder of Plaintiff's declaration contains even vaguer, more generalized assertions.

Nothing in Plaintiff's "affidavit pertains to the hours or wages of the other individuals employed by [d]efendants" other than the vague assertion that other employees regularly worked in excess of 40 hours without overtime premium pay, which is insufficient to "demonstrat[e] a 'factual nexus' between named [p]laintiff[] and the potential opt-in plaintiffs."  Shanfa Li v. Chinatown Take-Out Inc., supra, 2018 U.S. Dist. LEXIS 28693, 2018 WL 1027161 at *4. Although Plaintiff states that he frequently discussed Defendants' pay practices with his co-workers, "a plaintiff cannot simply state his belief that others are similarly situated based on

5

conversations with or observations of those other potential opt-in members; rather, he must supply additional detail regarding the particular conversations or observations substantiating that belief." Fu v. Mee May Corp., supra, 2016 U.S. Dist. LEXIS 53199, 2016 WL 1588132 at *3; Sanchez v. JMP Ventures, L.L.C., supra, 2014 U.S. Dist. LEXIS 14980, 2014 WL 465542 at *2. The only conversation Plaintiff identifies with any specificity is the conversation with the subway group which purportedly consisted of complaints about various practices except for the fact that as a purportedly participant in these conversations sworn under penalty of perjury, they never happened.  Regardless, the mere assertion by Plaintiff does not "does not provide any insight into whether that particular co-worker was receiving, or was even entitled to receive, overtime premium pay," and Plaintiff's broad assertions "are precisely the vague, conclusory, and unsupported assertions that are an insufficient basis for conditional certification." Cruz v. 70-30 Austin St. Bakery, Inc., 2019 U.S. Dist. LEXIS 73666 at * 13 (S.D.N.Y. May 1, 2019)(Pitman, M.J), quoting Lianhua Weng v. Kung Fu Little Steamed Buns Ramen Inc., 17 Civ. 273 (LAP), 2018 U.S. Dist. LEXIS 53625, 2018 WL 1737726 at *4 (S.D.N.Y. Mar. 26, 2018) (Preska, D.J.) (internal quotation marks and citations omitted)).

In addition, Plaintiff abjectly fails to provide any proof that the members of the proposed class are similarly situated.  As set forth in the five (5) declarations submitted herewith, there were five categories of employees: (1) waiters; (2) busboys; (3) dishwashers; (4) cooks; and (5) bartenders.  Plaintiff adduces no specific facts as to why dishwashers, cooks, or bartenders should be included or the basis of his knowledge thereof, and as to waiters, the declarations clearly establish that there is no factual basis for including them, either.  This is a single-defendant case.

## POINT III

## IF THIS COURT WERE TO GRANT THE MOTION IN WHOLE OR IN PART, THE PROPOSED NOTICE MUST BE MODIFIED AND THE SCOPE OF DISCOVERY NARROWED.

This Court has repeatedly exercised its broad discretion to modify the proposed notice under similar circumstances. See e.g. Alvarado v. Villas Mkt. Place Inc., 2020 U.S. Dist. LEXIS 3715 at * 7 (SNDY 2020)(VEC); Leonardo v. ASC, Inc., 2018 U.S. Dist. LEXIS 194205 at * 10 (SDNY 2018)(VEC).  In the event the Court grants the motion in whole or in part, this Court should, like it did in Alvarado and Leonardo, order that the notice be directed only to employees who worked at Forlini's within the three (3) years prior to the date that the Complaint was filed and continuing to March 31, 2022, the date Forlini's closed.  The reference to the New York Labor Law statute of limitations should also be stricken for the same reasons this Court stated in Alvarado and Leonardo.  See id.  The language "[i]f you decide to join this lawsuit, it is illegal for Defendants to retaliate, discharge, take any adverse action, or discriminate against you in any way for participating in this lawsuit" must be stricken as Forlini's restaurant has closed.  In addition, the notice does not say that the Court has the discretion whether or not to award attorney's fees or the amount of such fees, and finally, that in the event the Court finds the suit frivolous or that plaintiff has committed serious misconduct—both of which apply here—the Court retains the discretion to award Defendants their attorney's fees.  Id.  Finally, the language "i]f you want your own attorney to represent you in this lawsuit, however, you will be responsible for paying that attorneys' fees and expenses" is the exact same language this Court already found confusing and in need of modification in Leonardo:

> This language creates the misleading impression that plaintiffs who retain their own attorneys will be unable to apply to the Court for reasonable attorneys' fees. Accordingly, this paragraph must be modified to make clear that in all instances—whether prospective

> plaintiffs retain Plaintiff's counsel or separate counsel—prevailing plaintiffs may ask the Court to award them reasonable attorneys' fees. It must also make clear that the decision whether to award such fees (and in what amount) will be made solely by the Court, in its discretion.

Id.

The Court should not order Defendants to produce the social security numbers of prospective members of the collective at this time. Leonardo v. ASC, Inc., 2018 U.S. Dist. LEXIS 194205 at * 10. Given the privacy concerns implicated by disclosure of social security numbers, the Court should not compel their disclosure, absent a stronger showing of need. Id.

### POINT IV

### TOLLING OF THE STATUTE OF LIMITATIONS SHOULD BE DENIED.

To apply equitable tolling, the Court must find that a plaintiff has satisfied two strict conditions: (1) that extraordinary circumstances prevented the plaintiff from timely filing his or her claim, and (2) that the plaintiff pursued his or her claim with reasonable diligence during the requested period. Alvarado v. Villas Mkt. Place Inc., 2020 U.S. Dist. LEXIS 3715 at * 9 (citing Parada v. Banco Indus. De Venezuela, C.A., 753 F.3d 62, 71 (2d Cir. 2014)). Here, Plaintiff has made no showing of either, and merely requests that the Court equitably toll the FLSA's statute of limitations for potential members of the collective while Plaintiff attempts to effect notice. Because Plaintiff "points to no delay that would prejudice future opt-in plaintiffs" and does not make any showing to satisfy the two strict conditions, Plaintiff's request for equitable tolling during the notice period should be denied. See Alvarado v. Villas Mkt. Place Inc., 2020 U.S. Dist. LEXIS 3715 at * 9.

## CONCLUSION

For these reasons, Plaintiff's motion for conditional collective certification should be denied in its entirety, and in the event the Court grants the motion in whole or in part, the Court should modify the notice, limit the discovery, and deny Plaintiff's request for equitable tolling, with what other relief the Court deems just and proper.

Dated: July 29, 2022
      New York, New York

Respectfully submitted,

_____
**ROBERT MOORE**