```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
MANUEL BARRERA, on behalf of himself,                           :
FLSA Collective Plaintiffs, and the Class,                      :
                                                                :
                                         Plaintiff,             :
                  -against-                                     :       22-CV-1256 (VEC)
                                                                :
FORLINI'S RESTAURANT, INC., JOSEPH                              :       OPINION AND ORDER
FORLINI, and DEREK FORLINI,                                     :
                                                                :
                                         Defendants.            :
-------------------------------------------------------------- X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/12/22

VALERIE CAPRONI, United States District Judge:

Plaintiff Manuel Barrera, formerly a waiter at the now-closed Forlini's Restaurant ("Forlini's"), brings this action against Forlini's Restaurant, Inc. and its owners, Joseph Forlini and Derek Forlini, for unpaid minimum wages due to an improper tip credit and a plethora of other violations of federal, state, and local wage and hour laws. Mr. Barrera has moved for conditional certification of a collective comprised of all front- and back-of-the-house employees for the last six years,[1] *see* Not. of Mot., Dkt. 30, which Defendants oppose, *see generally* Defs. Opp., Dkt. 42. For the following reasons, the motion is DENIED.

## DISCUSSION

### I.     Legal Standard

The Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, permits employees to maintain an action for and on "behalf of . . . themselves and other employees similarly situated."

---

[1] Collectives are a creature of federal law, and the Fair Labor Standards Act sets the statute of limitations at two years (three if the violation is willful), subject to equitable tolling. 29 U.S.C. § 255. Even if Plaintiff had satisfied his burden of showing that conditional certification of a collective would be appropriate in this case, his proposed collective would not have been granted because it would have encompassed individuals whose FLSA claims are time-barred.

1

29 U.S.C. § 216(b). In determining whether to certify a collective action, courts in the Second Circuit use a two-step process. *Myers v. Hertz Corp.*, 624 F.3d 537, 554–55 (2d Cir. 2010).

At the notice stage, a plaintiff must establish that other employees "may be 'similarly situated'" to him. *Id.* at 555 (citation omitted). To meet this burden, the plaintiff need only "make a 'modest factual showing' that [he] and potential opt-in plaintiffs 'together were victims of a common policy or plan that violated the law.'" *Id.* (citation omitted). Although that burden is modest, "it is not non-existent," *Fraticelli v. MSG Holdings, L.P.*, No. 13-CV-6518, 2014 WL 1807105, at *1 (S.D.N.Y. May 7, 2014) (internal quotation marks and citation omitted), and generally cannot be satisfied by "unsupported assertions," *Myers*, 624 F.3d at 555 (internal quotation marks and citation omitted). Nonetheless, courts employ a "low standard of proof because the purpose of this first stage is merely to determine *whether* 'similarly situated' plaintiffs do in fact exist." *Id.* (citation omitted) (emphasis in original). Courts do not examine at this point "whether there has been an actual violation of law." *Young v. Cooper Cameron Corp.*, 229 F.R.D. 50, 54 (S.D.N.Y. 2005) (citing *Krueger v. N.Y. Tel. Co.*, No. 93-CV-178, 1993 WL 276058, at *2 (S.D.N.Y. July 21, 1993)).

At the second stage, when the court has a more developed record, the named plaintiffs must prove that "the plaintiffs who have opted in are *in fact* 'similarly situated'" to the named plaintiffs and that they were all subject to a common illegal wage practice. *She Jian Guo v. Tommy's Sushi Inc.*, No. 14-CV-3964, 2014 WL 5314822, at *2 (S.D.N.Y. Oct. 16, 2014) (quoting *Myers*, 624 F.3d at 555) (emphasis in original). The action may be "'de-certified' if the record reveals that [the opt-in plaintiffs] are not [similarly situated], and the opt-in plaintiffs' claims may be dismissed without prejudice." *Myers*, 624 F.3d at 555 (citation omitted).

## II.     Plaintiff Has Not Met the Notice-Stage Burden

Mr. Barrera moves to conditionally certify a collective of "all current and former non-exempt front-of-house and back-of-house employees, including, but not limited to, waiters, delivery persons, bartenders, servers, runners, and bussers, among others, employed by Defendants at Forlini's Restaurant" within the last six years. Pl. Mem., Dkt. 31 at 1. Because courts do not examine "whether there has been an actual violation of law" at this stage, *Young*, 229 F.R.D. at 54 (citation omitted), the Court need not delve into whether Plaintiff's assertions — that he regularly was uncompensated for some of his hours worked, including overtime hours, that Defendants illegally retained his tips through multiple methods, and that Defendants failed to pay the required minimum wage, Pl. Mem. at 1–3 — state a claim under federal, state, or City law. Instead, the proper inquiry is whether Plaintiff has demonstrated that he is similarly situated to the putative collective members. Defendants argue that Plaintiff has failed to meet that burden. Defs. Opp. at 3–6. The Court agrees.

To begin with, Plaintiff has submitted only his own declaration in support of his motion.[2] *See* Barrera Decl., Dkt. 33. That does not preclude him from prevailing: a plaintiff seeking

---

[2]     Plaintiff's declaration is entirely in English except for one paragraph, which states: "Esta declaración ha sido traducida para mí en español y es verdadera y correcta a mi leal saber y entender." Barrera Decl. ¶ 16. According to Google Translate, that translates to: "This statement has been translated for me in Spanish and is true and correct to the best of my knowledge and belief." The declaration does not disclose who translated the declaration to Plaintiff or what that person's facility is in Spanish or English.

It is well settled that when a declarant does not speak and read English, as is apparently the case with Plaintiff, the party relying on his declaration is required to submit documents sufficient to establish that the declarant knew what he was signing. This can be accomplished in several ways: the declarant can sign a declaration in his native language and the party can submit a certified translation of the declaration, or the declarant can sign an English version so long as the certified translation is submitted to the court and shown to the declarant before the English language version is signed, *Huang v. J&A Entertainment Inc.*, No. 09-CV-5587, 2010 WL 2670703, at *1 (E.D.N.Y June 29, 2010); *Mattis v. Zheng*, No. 05-CV-2924, 2006 WL 3155843, at *1 n.1 (S.D.N.Y. October 27, 2006), or the declaration can be signed in English but accompanied by a separate declaration from a person who swears that the declaration was faithfully translated into the declarant's native language before the English language declaration was signed, *Cuzco v. Orion Builders, Inc.*, 477 F. Supp. 2d 628, 634 (S.D.N.Y. 2007). What is not appropriate is the path Plaintiff took in this case. Striking the declaration would be appropriate. Because, however, the declaration is inadequate to support the motion, the Court will not strike it. Plaintiff's counsel (who was counsel

conditional certification is not "required to buttress his motion with affidavits besides his own or with other documentary evidence." *Mata v. Foodbridge LLC*, No. 14-CV-8754, 2015 WL 3457293, at *3 (S.D.N.Y. June 1, 2015). In fact, courts in this Circuit routinely grant conditional collective certification based only on the plaintiff's affidavit. *Id.* (citing *Hernandez v. Bare Burger Dio, Inc.*, No. 12-CV-7794, 2013 WL 3199292, at *3 (S.D.N.Y. June 25, 2013) (collecting cases)). But Plaintiff's declaration falls woefully short of providing enough factual support to demonstrate that there was a common unlawful wage policy in place at Forlini's during the past three years.

Plaintiff asserts that he spoke with at least nine co-workers at Forlini's, most of whom he identifies only by first name, and that, "[b]ased on [his] work experience and [his] personal observations and conversations with [those] co-workers, . . . all employees of Defendants were subject to the same wage and hour policies." Barrera Decl. ¶ 4. He also states that he "regularly spoke with [his] co-workers during breaks or while performing non-tipped activities" about Defendants' policies, that he spoke with seven of them "during [his] shifts at the [r]estaurant[,]" and that two of them, a dishwasher and a cook, "complained to [him] about the fact that their paychecks did not account for all of their hours worked, and as a result, they were not paid all of their overtime wages." *Id.* ¶¶ 4, 6. Plaintiff also asserts that at least one conversation occurred when he and three other coworkers took the subway home together. *Id.* ¶¶ 7–8, 10. Plaintiff provides no specifics, however, as to *when* any of those conversations occurred. Because Plaintiff asserts that he began to work at Forlini's in 2001, *see id.* ¶ 2, that lack of detail is fatal. It is impossible to know whether the conversations relayed by Plaintiff occurred a month before the restaurant closed, a year before, or a decade before. Without details on when the

---

to the plaintiff in the *Huang* case cited above) is warned, however, that in subsequent cases, similar sloppy practice will result in the offending declaration being struck.

4

conversations occurred, it is impossible to conclude that there was a common unlawful wage policy in place at any point during the three years prior to the restaurant closing.[3]

Although Plaintiff argues that nicknames, job titles, and nationalities suffice for the purposes of identifying the individuals with whom he conversed, Pl. Reply, Dkt. 43 at 7–8 (citation omitted), he has failed to appreciate the fatal flaw with his declaration that Defendants identified, *see, e.g.*, Defs. Opp. at 3 ("Plaintiff does not provide any date or time" for the conversation he asserts he and his coworkers had on the subway). The problem is not that he used nicknames; the problem is that Plaintiff failed entirely to state when the pertinent conversations took place so that the Court can determine whether any of the conversations are at all relevant to Defendants' pay policies in the three years prior to the restaurant closing.[4] Although Plaintiff has submitted evidence that purportedly shows an FLSA violation with respect to his own wages, *id.* at 6 (citing Lee Decl., Paystubs, Ex. B, Dkt. 32-2), he has provided no information from which the Court can conclude that, within the FLSA statute of limitations, other Forlini's employees were subject to a common pay policy that violated the FLSA.

In an attempt to show that Plaintiff's declaration is not only unsubstantiated but also false, Defendants have collected declarations from three of the individuals named in Plaintiff's declaration asserting that they never had conversations with him regarding Defendants' pay

---

[3] Plaintiff's failure to establish the timing of the alleged conversations on which he relies is fatal. The Court notes, however, that even if Plaintiff had established that the conversations took place within a timeframe that is relevant, the cryptic nature of the alleged conversations would make it difficult, if not impossible, to conclude that there was a common unlawful policy in place that affected all of the categories of employees that Plaintiff wishes to include in the collective. *See Mata*, 2015 WL 3457293, at *4 (noting that "information regarding where or when these observations or conversations occurred . . . is critical in order for the Court to determine the appropriate scope of the proposed class and notice process.") (internal quotation marks and citations omitted); *Gomez v. Kitchenette 123 Inc.*, No. 16-CV-3302, 2017 WL 4326071, at *4 (S.D.N.Y. Sept. 5, 2017) ("[W]hen a plaintiff submits only one affidavit, without corroboration, the level of detail in that affidavit becomes particularly important in evaluating the sufficiency of the plaintiff's showing[.]") (citation omitted).

[4] Plaintiff argues that he identified the periods in which the conversations occurred "to be the holiday season, Mother's Day, and on Saturdays[,]" Pl. Reply at 7 (citing Barrera Decl. ¶¶ 8–10), without ever identifying in what years those conversations took place.

policies. *See* Cordero Decl., Dkt. 39 ¶ 8 (Plaintiff "claims that I complained to him several times . . . What he is telling this Court is false."); Cuzco Decl., Dkt. 40 ¶ 6 (Plaintiff "claims that I complained to him several times . . . What he is telling this Court is false.");[5] Vallejo Decl., Dkt. 41 ¶ 8 (Plaintiff "claims that I complained to him several times . . . What he is telling this Court is false."). Plaintiff argues the Court should disregard these affidavits, as they "raise factual issues going to the underlying merits of the case" in contravention of the Court's role at this stage. Pl. Reply at 1–2 (citation omitted).[6] But the Court need not consider those declarations to deny Plaintiff's motion given Plaintiff's complete failure to disclose the timeframe of the conversations on which he relies. While the showing required for conditional certification is modest, Plaintiff has not made it.

Because the Court finds that Plaintiff has not met the notice-stage burden, it does not address the parties' arguments regarding the proposed notice, the scope and timing of discovery, and equitable tolling.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion is DENIED. The Clerk of Court is respectfully directed to terminate the open motion at Docket 30.

As of the publication of this opinion, discovery is no longer stayed. *See* Order, Dkt. 26. The Court orders that all fact discovery shall be completed not later than **November 8, 2022** and

---

[5] Plaintiff contests whether this is the individual he identifies in his declaration. Pl. Reply at 2.

[6] For that very reason, the Court has not considered Defendants' argument that "[b]ecause there is no actual claim, there is no collective to certify[,]" Defs. Opp. at 2, or other merits-related arguments that Defendants improperly advanced in their opposition to this motion.

that all expert discovery shall be completed not later than **December 23, 2022**. The parties are warned that absent a showing of very good cause, the Court is unlikely to extend these deadlines.

The parties must appear for a pretrial conference on **November 18, 2023, at 10:00 a.m.** in **Courtroom 443**, Thurgood Marshall U.S. Courthouse, 40 Foley Square, New York, NY 10007. By **November 10, 2022**, the parties must submit a joint letter regarding the status of the case, including:

a. a statement of all existing deadlines, due dates, and/or cut-off dates;

b. a brief description of any outstanding motions;

c. a brief description of the status of discovery and of any additional discovery that needs to be completed;

d. a statement describing the status of any settlement discussions and whether the parties would like a settlement conference;

e. a statement of the anticipated length of trial and whether the case is to be tried to a jury;

f. a statement of whether any party anticipates filing a motion for summary judgment or a motion to exclude expert testimony;

g. any other issue that the parties would like to address at the pretrial conference; and

h. any other information that the parties believe may assist the Court in advancing the case to settlement or trial.

**SO ORDERED.**

Date: August 12, 2022
New York, New York

VALERIE CAPRONI
United States District Judge